UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NAJA A. STOKES,**

        **Petitioner,**

    v.                                      **Case No. 2:22-cv-03921**
                                           **JUDGE EDMUND A. SARGUS, JR.**
                                           **Magistrate Judge Peter B. Silvain, Jr.**

**WARDEN, SOUTHEASTERN**
**CORRECTIONAL INSTITUTION,**

        **Respondent.**

## ORDER

This matter is before the Court on two motions filed by Petitioner Naja A. Stokes: a Motion for Extension of Time to File an Objection to the Magistrate Judge's October 20, 2023 Report and Recommendation (ECF No. 17), and a Motion for Relief from Judgment (ECF No. 19). Respondent Southeastern Correctional Institution Warden filed a response in opposition to Petitioner's Motion for Relief. (ECF No. 20.) For the reasons stated below, Petitioner's Motion for an Extension is **DENIED AS MOOT**, and his Motion for Relief is **GRANTED**.

    **I.    BACKGROUND**

On October 20, 2023, the Magistrate Judge issued a Report and Recommendation recommending that *pro se* Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied, and this action be dismissed with prejudice. (R&R, ECF No. 14.) Although the parties were advised of the right to object to the Magistrate Judge's R&R, and of the consequences of failing to do so (*id.* PageID 891–92), Petitioner filed no objections. On January 4, 2024, the Court adopted and affirmed the R&R and dismissed the action with prejudice. (Order, ECF No. 15.) While any such objections were due November 3, 2023, more than 70 days

transpired between the R&R, and Court's Order adopting and affirming the R&R and dismissing the action with prejudice. (*See* R&R; Order, ECF No. 15.) The Court also declined to issue a certificate of appealability, certified that an appeal of this Order would not be taken in good faith, and denied Petitioner leave to appeal *in forma pauperis*. (*Id.* (citing 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997)).)

## II.  ANALYSIS

On January 29, 2024, Petitioner moved for extension of time to object to the R&R, explaining that he "was never served with said report and recommendation by mail at the institution where he now resides," but received the Order adopting the R&R "by happenstance." (ECF No. 17.) He also states that his institution's "process of issuing mail to inmates has resulted in inmates occasionally receiving other inmates' legal mail." (*Id.*)

On March 6, 2024, Petitioner filed a Motion for Relief from Judgment. (ECF No. 19.) Petitioner cites Federal Rule of Civil Procedure 60(b)(1) and makes the same arguments in his Motion for Relief as he made in his Motion for Extension. (*Id.*) Petitioner explains that he could not object to the Magistrate Judge's R&R because he was never served with it, and asks the Court to excuse his failure and reopen the matter. (*Id.* PageID 906–07.)

Respondent opposes the Motion for Relief. (ECF No. 20.) Respondent argues Petitioner has not established a justification to amend or alter the Court's final judgment under Rule 60(b). (*Id.* PageID 910–12.) Respondent contends that the docket reflects the Clerk of Court mailed Petitioner a copy of the R&R on October 20, 2023, service is complete upon mailing to a litigant's last known address, and Petitioner's address has not changed. (*Id.* PageID 911 (citing ECF No. 14; Fed. R. Civ. P. 5(b)(2)(C)).)

2

"In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: '(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense.'" *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (quoting *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457–58 (6th Cir. 2011)); *Kensu v. Corizon Inc.*, No. 22-1493, 2023 WL 1800276, at *2 (6th Cir. Feb. 7, 2023) (summarizing the *Yeschick* factors). "A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Id.* at 628–29 (quoting *Flynn*, 440 F. App'x at 458).

The Court accepts as true Petitioner's representations that he did not receive timely the R&R, and thus, culpability is lacking and "inadvertence" and "excusable neglect" are present. The Respondent will be prejudiced some by reopening of the case, but that prejudice must be balanced against federal courts' general preference for judgments on the merits. *See United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 846 (6th Cir. 1983); *but see Boone v. Lazaroff*, No. 2:17-CV-332, 2020 WL 2711403, at *6 (S.D. Ohio May 26, 2020) (Merz, M.J.), *report and recommendation adopted sub nom. Boone v. Warden, Mansfield Corr. Inst.*, No. 2:17-CV-332, 2020 WL 3488734 (S.D. Ohio June 26, 2020) (Marbley, C.J.) (citing *United Coin* and distinguishing cases involving default judgments from a Rule 60(b) motion in the habeas context; however, still recommending the motion for relief from judgment be granted and the court proceed to decide the objections on the merits).

The Court cannot determine whether Petitioner's objections are meritorious because he fails to argue or object to the R&R on the merits in his Motion for Relief. *See Zeigler v. Warden, Lebanon Corr. Inst.*, No. 1:18-CV-580, 2023 WL 8937164, at *1 (S.D. Ohio Dec. 5, 2023) (Merz, M.J.), *report and recommendation adopted,* No. 1:18CV580, 2023 WL 8936305 (S.D.

Ohio Dec. 27, 2023) (Barrett, J.) (denying a Rule 60(b)(1) motion where the petitioner failed to include his objections on the merits to the report and recommendation). Nevertheless, documents filed by *pro se* litigants are "to be liberally construed" and held to "less stringent standards." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Considering the above factors collectively, the Court will allow Petitioner the opportunity to file objections on the merits to the R&R.

### III. CONCLUSION

Petitioner's Motion for Relief is **GRANTED**. (ECF No. 19.) The Clerk is **DIRECTED** to **VACATE** the judgment and **REOPEN** the case.

Petitioner may object to the R&R (ECF No. 14) **within 14 days** from the date of this Order. Respondent will have **14 days** to respond. No reply brief will be permitted.

Petitioner's Motion for an Extension (ECF No. 17) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**9/24/2024**                                              **s/Edmund A. Sargus, Jr.**
**DATE**                                                         **EDMUND A. SARGUS, JR.**
                                                                       **UNITED STATES DISTRICT JUDGE**